UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS J. ANACKER,

        Plaintiff,

   v.                                                   Case No. 07-C-716

MICHAEL J. ASTRUE,
Commissioner for Social Security,

        Defendant.

## DECISION AND ORDER

Plaintiff Dennis J. Anacker, now pro se, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), determining that he was not disabled and, therefore, not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, or Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. Although Anacker fails to indicate in what respect the Commissioner's decision is deficient, he asks that the court to reverse the Commissioner's decision and award him benefits. For the following reasons, the Commissioner's decision will be affirmed.

## STANDARD OF REVIEW

A district court's review of a social security appeal is limited to determining whether the ALJ's decision is supported by substantial evidence and based on the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004) (citation omitted). The court reviews the entire record but does not substitute its judgment for that of the Commissioner by reconsidering facts,

reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). "In coming to his decision . . . the ALJ must confront evidence that does not support his conclusion and explain why it was rejected." *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003). However, the ALJ's findings of fact, if supported by substantial evidence, are conclusive. *Scheck*, 357 F.3d at 699 (citation omitted). Substantial evidence is such relevant evidence as a reasonable person could accept as adequate to support a conclusion. *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001) (citation omitted). If the ALJ commits an error of law, however, reversal is required without regard to the volume of evidence in support of the factual findings. *Binion on Behalf of Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997) (citation omitted). The ALJ commits such an error if he fails to comply with the Commissioner's Regulations and Rulings. *Brown v. Barnhart*, 298 F. Supp. 2d 773, 779 (E.D. Wis. 2003); *see also Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991).

The ALJ's decision must also demonstrate the path of his reasoning, and the evidence must lead logically to his conclusion. *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996). While the ALJ need not discuss every piece of evidence in the record, he must provide at least a glimpse into his reasoning. *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Even if enough evidence exists in the record to support the decision, the court cannot uphold it if the reasons given by the ALJ do not build an accurate and logical bridge from the evidence to the result. *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (citations omitted). While it is true that the ALJ's decision must reflect a fair assessment of the evidence and be free of fatal gaps and contradictions, it is also true that a reviewing court must "give the opinion a commonsensical reading rather than nitpick[] at it." *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999).

2

## ANALYSIS

On February 13, 2007, following a hearing at which Anacker was represented by counsel, ALJ Stephen Ahlgren applied the Agency's five-step sequential evaluation and found that, while Anacker did have several severe impairments, he retained the residual functional capacity ("RFC") to perform sedentary work. The ALJ applied Rule 201.21 of the Medical-Vocational Guidelines of 20 C.F.R. Part 404, Subpart P, Appendix 2, to find that Anacker could perform a significant number of jobs despite the limitations caused by his impairments and concluded that he was therefore not disabled. His applications for DIB and SSI were accordingly denied. The Appeals Council denied Anacker's request for review of the ALJ's decision, making it the final decision of the Commissioner.

The evidence is more than sufficient to support the Commissioner's decision. Anacker, who was then age 44, filed applications for DIB and SSI on September 21, 2005, alleging that he became disabled as of September 24, 2005, due to pain in his neck, right shoulder, back, hands, hip, and leg. (Tr. at 30, 65-69.) Anacker had graduated from high school and had previously worked as a truck driver, farm hand and cook. Although he claimed that his physical impairments rendered him unable to return to that job or to engage in any other gainful activity, the ALJ concluded that his impairment was not that severe. Substantial evidence supports that ALJ's determination.

Summarizing the medical evidence in the case, the ALJ noted that while Anacker had a history of neck and shoulder pain dating back to 2001, "the objective medical evidence does not indicate it is so severe that he is unable to work." (Tr. 34.) The ALJ observed that Anacker had been hospitalized for a fainting episode in which he drove his car off the road in 2002 and complained of neck pain at that time. However, examination of the claimant at that time was

3

unremarkable. His spine was described as tender with a full range of motion. An MRI of his cervical spine revealed multilevel minimal posterior disc bulging and minimal focal protrusion of the posterior central aspect of the C4-C5 disc. The record indicated that Anacker suffered from a cervical muscle spasm, but there was no indication that the incident was debilitating. He was released to work on November 11, 2002 with the limitation to avoid heavy lifting. (Tr. 34.) Subsequent X-rays from June 2003 showed some mild degenerative changes to the thoracic and lumbar spine. (Tr. 35.)

In December 2003, Anacker saw Dr. Revord at the Neurospine Center, again complaining of persistent cervical and periscapular pain, and also intermittent headaches that were exacerbated by driving. However, examination revealed full range of motion in the cervical spine except for some mild discomfort at the extremes. As of May 31, 2005, Anacker was released to work driving truck with a restriction of driving 200 miles a day or 1000 miles weekly. On June 22, 2005, Dr. Revord indicated he agreed with those restrictions, noting that X-ray indicated only mild to moderate degenerative changes at all levels of the lumbar spine and hips, the neurological examination was normal, and Anacker had full and painless range of spinal motion except at the extremes in the thoracic/spinal region. In sum, the ALJ noted that "the evidence indicates only mild to moderate degenerative changes on various X-rays and a full range of motion of all the claimant's joints, including the spine, except for some limited neck motion at the extremes." (Tr. 35.)

The ALJ noted that the conclusion that Anacker was not disabled was supported by the physical capacities evaluation performed at the request of Anacker's attorney by Kay Aiken, a physical therapist, on January 30, 2006. (Tr. 35, 389.) Ms. Aiken concluded from her evaluation that Anacker could walk up to four hours in a workday and sit for up to eight hours. She also noted

4

that he could carry up to 40 pounds, with 30 pounds occasionally and 10 pounds frequently, and he could also occasionally bend, squat, kneel, climb and reach. Based upon her evaluation, Ms. Aiken opined that Anacker was capable of performing light work. (Tr. 391.)

The ALJ recognized that to find that Anacker was not disabled would require rejection of Anacker's own testimony and the opinion of his current treating physician, Dr. Theodore C. Fox. Anacker testified that he was unable to stand or sit for very long without being able to move around. (Tr. 574.) He also claimed he was unable to drive for more than thirty minutes, lift anything "heavy" or work with his arms above his head. (Tr. 574.) And in an addendum to his report on Anacker's worker's compensation claim, Dr. Fox offered several additional restrictions, including:

> No work requiring repetitive neck rotation
>
> No work above shoulder level
>
> No use of hand controls or repetitive use of shoulders for more than 30 minutes at a time or more than 2 hours per 8 hour day
>
> He is limited to lifting no more than 5 lbs. occasionally and less than 5 lbs. frequently
>
> He is restricted to only performing work which involves paperwork or bench work with 2 hours per 8 hour day as a requirement
>
> He will be required to take 4 or more unscheduled breaks per day due to headaches, neck pain and neck tightness where he will or must be able to get up from his work station and move about, stretch and/or lay down for 5-10 minutes. These breaks are in addition to any normal breaks or lunch breaks offered by his employer.

(Tr. 472.)

While the ALJ acknowledged that these restrictions would require a finding that Anacker was disabled, he concluded that the evidence presented did not support them. He noted that Anacker's testimony as to the intensity, persistence, and limiting effects of his impairments was "not

5

entirely credible." (Tr. 34.) The ALJ based this finding on not only the lack of medical evidence of any severe limitation, but also the fact that Anacker's statements to his doctors concerning his symptoms were inconsistent with the daily activities he was then performing. For example, the ALJ noted at one examination, Anacker complained to his physician of frequent urination, diarrhea, poor coordination, difficulty walking, paresthesia and weakness in his right upper extremity. The ALJ stated that "this is inconsistent with the claimant's activities at the time which included driving a truck each week for fifty hours." (Tr. 35.) While the inconsistency noted by the ALJ is not is striking as others that a more detailed explication of the record would reveal, I am satisfied that the ALJ's conclusion was not unreasonable.

As to the limitations imposed by Dr. Fox, the ALJ noted at the hearing that there was no indication in Dr. Fox's report as to what he was relying on to warrant such severe limitations. (Tr. 579.) There were no records showing significant limitations in range of motion, no report of clinical examination, or MRI or CAT scan evaluations that showed significant compromise of function. The ALJ agreed to hold open the record for ten days to allow Anacker's attorney to supplement the record with a report from Dr. Fox setting forth the findings upon which the severe functional limitations he claimed Anacker had were based. (Tr. at 585.) The ALJ told Mr. Anacker, "assuming that the evidence does support his restrictions then I will find that you're disabled. If his evidence does not support the doctor's restrictions then I won't find that you're disabled." (*Id.*)

On December 26, 2006, counsel submitted a "synopsis of the medical records" reviewed by Dr. Fox in preparing his assessment, asserting that "these records were available and presented to Dr. Fox," and served as the basis of the findings in his assessment. (Tr. at 190.) But the records counsel summarized were the very records that the ALJ had previously noted contained no clinical

findings or laboratory results that would support the kind of severe limitations Dr. Fox had offered. In fact, the very records counsel offered as the basis of Dr. Fox's opinion established that Anacker was not so limited. This included the physical capacities evaluation that found he could engage in light work. Notwithstanding Dr. Fox's opinion that Anacker could not drive more than thirty minutes at a time, the physical therapist who conducted the evaluation reported that Anacker stated he could drive two hours in his own vehicle but preferred to stop after an hour-and-a-half when driving a semi. (Tr. 390.) Without any medical or clinical findings offered in support of Dr. Fox's opinion, and in the face of substantial medical evidence demonstrating that Anacker's functional limitations were far less severe, the ALJ was justified in rejecting Dr. Fox's opinion.

## CONCLUSION

In sum, I conclude that the Commissioner's decision that Anacker was capable of performing at least sedentary work is supported by substantial evidence. As in most cases, a more thorough discussion of the reasons for rejecting evidence supporting plaintiff's claim would have been helpful. But viewing the record as a whole, I am satisfied that the ALJ constructed a logical bridge to his conclusion that Anacker was not disabled. For this reason, the Commissioner's decision is affirmed.

**SO ORDERED** this      6th      day of February, 2008.

                                                 s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge